ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **FIRSTBANK PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**IVÁN RAFAEL DÍAZ LÓPEZ**<br><br>Peticionario | KLCE202400888 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Toa Alta**<br><br>Civil Núm.: **BY2023CV02417**<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

Comparece ante nos, mediante *Petición de Certiorari*, el licenciado Iván Díaz López (Lcdo. Díaz López o Peticionario), por derecho propio, y nos solicita que revisemos y revoquemos la *Resolución* emitida el 10 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Toa Alta (TPI).[1] Mediante su *Resolución*, el TPI declaró No Ha Lugar a una *Moción de Desestimación* proveniente de la segunda defensa levantada por el Lcdo. Díaz López en su *Contestación a Demanda.*[2]

Por los fundamentos que discutiremos a continuación, denegamos expedir el auto de certiorari y devolvemos el caso al TPI para que continúen los procedimientos.

---

[1] Apéndice de *Petición de Certiorari*, Anejo XL, págs. 191-219. Notificada y archivada en autos el 10 de junio de 2024.
[2] *Íd.*, Anejo XVI, págs. 42-46.

## I.

El caso de autos originó el 5 de mayo de 2023 luego de que Firstbank de Puerto Rico (Firstbank) presentase una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra del Lcdo. Díaz López.[3] Según se alegó en la *Demanda*, el Lcdo. Díaz López constituyó una hipoteca, así gravando una propiedad en el Barrio Sabana Seca en Toa Baja.[4] Alegó que el Peticionario emitió un Pagaré Hipotecario por la suma de $54,000.00 a favor de RG Premier Bank of Puerto Rico, y que el 25 de marzo de 2003, este quedó plasmado mediante la Escritura #95 ante el notario Pablo F. Jiménez Meléndez y fue inscrito en el Registro de la Propiedad.[5] En la actualidad, el tenedor de dicho Pagaré Hipotecario es la parte recurrida, Firstbank.[6] Ante la alegada falta de cumplimiento con las condiciones pactadas en el Pagaré Hipotecario y constitución de hipoteca, Firstbank presentó la *Demanda* sobre cobro de dinero y ejecución de hipoteca.

Luego de realizarse el proceso de mediación compulsoria en casos de ejecución de hipoteca, exigida por la Ley Núm. 184-2012, según enmendada, y otros trámites procesales, el 29 de septiembre de 2023, el Lcdo. Díaz López presentó su *Contestación a Demanda*.[7] Como segunda defensa afirmativa levantada, alegó:

> Cosa juzgada y/o impedimento colateral por sentencia. First Bank previamente radicó una demanda para el cobro de este mismo pagaré, en el caso de <u>First Bank de Puerto Rico v[.] Iván Díaz López</u>, caso número CD2015-1401 ante el Tribunal de Primera Instancia, Sala Superior de Toa Alta ("TPI"), y dicho TPI (Hon. María C. Sanz Martínez) dictó sentencia sumaria, el 21 de diciembre de 2018, notificada el 9 de enero de 2019, desestimando la demanda de First Bank por falta de causa de acción y legitimidad. Dicha Sentencia advino final y firme luego de que el Tribunal de Apelaciones, en el caso número KLAN201900258, dictó Sentencia, del 23 de abril de 2019, desestimando la apelación de First Bank, y en la cual First Bank había levantado tres

---

[3] *Íd.*, Anejo I, págs. 1-12.
[4] *Íd.*, pág. 1.
[5] *Íd.*, págs. 1-2.
[6] *Íd.*, págs. 4-9.
[7] *Íd.*, Anejo XVI, págs. 42-46.

alegados señalamientos de error cometidos por el TPI: (1) el haber dictado sentencia sumaria desestimando su caso sin una vista evidenciaria previa, (2) el haber dictado sentencia sumaria desestimado su caso cuando la parte demandada había participado previamente en negociaciones de transacción del caso, y (3) por haberle impuesto a la parte demandante la suma de $2,000.00 en honorarios de abogado al momento en que se dictó sentencia sumaria en su contra desestima[n]do la demanda.[8]

Por lo tanto, el Lcdo. Díaz López alegó que aplicaba la doctrina de cosa juzgada o, en su defecto, la doctrina de impedimento colateral por sentencia. Esto puesto que, en el 2018, Firstbank había presentado una demanda por cobro de dinero, que fue desestimada por el TPI, cuya determinación es final y firme al haberse apelado infructuosamente.

Ante esto, el 18 de octubre de 2023, el TPI emitió una *Orden*[9] en la que le ordenó a Firstbank a mostrar causa por la que no se debería desestimar la *Demanda* por los fundamentos expuestos en la segunda defensa afirmativa. En su *Moción en Cumplimiento de Orden*,[10] Firstbank alegó que no procedía la desestimación de la *Demanda* por el TPI haber resuelto en el 2018 que:

(1) Aquel caso fue desestimado sin perjuicio.[11]

(2) En aquel momento, el caso fue desestimado porque Firstbank no tenía legitimación activa para instar la demanda por no desprenderse del pagaré que fuera endosado para ser pagadero a su orden por el Federal Home Loan Bank of Puerto Rico, quien fue la entidad a favor de la cual constaba endosado el mismo. En el caso de epígrafe, el Pagaré Hipotecario está endosado a favor de Firstbank.[12]

(3) La sentencia dictada en aquel caso no atendió la controversia en sus méritos, sino fue desestimado al amparo de la

---

[8] *Íd.*, pág. 43.
[9] *Íd.*, pág. 89.
[10] *Íd.*, Anejo XXII, págs. 56-88.
[11] *Íd.*, pág. 56.
[12] *Íd.*

Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V. Por lo tanto, no procede la doctrina de cosa juzgada.[13]

Tras varios trámites procesales, el 10 de noviembre de 2023, el Lcdo. Díaz López presentó una *Réplica a Moción Mostrando Causa, y Solicitando la Desestimación de la Demanda* en la que nuevamente levantó la defensa de cosa juzgada y/o impedimento colateral por sentencia.[14] Arguyó que al no especificarse que la desestimación en el caso del 2018 fue sin perjuicio, conforme a la Regla 39.2 de Procedimiento Civil, *supra,* se presume que se desestimó con perjuicio. Por su parte, Firstbank contestó dicho argumento, alegando que la Regla 39.2 (c) de Procedimiento Civil dispone que "una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, **excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable**, tienen el efecto de una adjudicación en los méritos".[15] *Íd.*, R. 39.2. (Énfasis nuestro). Al haberse desestimado la demanda del 2018 por Firstbank no haber sido la parte a favor de quien estaba endosado el Pagaré Hipotecario en aquel momento, Firstbank arguyó que se desestimó por falta de parte indispensable.[16]

Posterior a otros trámites en el caso de autos, el 10 de junio de 2024, el TPI emitió la *Resolución* recurrida. En esta, determinó que no aplicaba la doctrina de cosa juzgada al caso de autos. Tras un análisis exhaustivo de los hechos, argumentos y derecho aplicable, el TPI concluyó que:

> Tanto las Reglas de Procedimiento Civil, Tratadistas y jurisprudencia del Tribunal Supremo de Puerto Rico y de diversos Estados de Estados Unidos, reiteradamente han resuelto que una primera desestimación, ya sea por falta de parte indispensable, no tener standing o notificación defectuosa **no tendrá el efecto de una adjudicación en los méritos y, por**

---

[13] *Íd.*, págs. 56-57.
[14] *Íd.*, Anejo XXV, págs. 95-157.
[15] *Íd.*, Anejo XXVI, págs. 159-161.
[16] *Íd.*

**ende, de cosa juzgada**. Determinar otra cosa, crearía un problema latente de que cualquier persona que no tenga legitimación activa, para presentar una causa de acción válida, presente una demanda y al ser desestimada por el Tribunal, por falta de parte indispensable, una causa de acción válida y legitimación activa le cierre la puerta al demandante que tiene derecho a presentar dicha causa de acción, violándole así su debido proceso de ley.

El Tribunal concluye que la Sentencia en el Caso Civil Núm. CD2015-1401 fue sin perjuicio y no constituye cosa juzgada, ya que no se adjudicó en sus méritos la causa de acción de cobro de dinero y ejecución de hipoteca. **En otras palabras, el tenedor del Pagaré original, FirstBank, a favor del cual est[á] endosado el instrumento, tiene derecho a presentar la presente demanda de cobro de dinero y ejecución de hipoteca, si el deudor incumplió con los pagos establecidos en los términos de la Escritura de Hipoteca, ya que demostró tener legitimación activa**.[17]

Ante dicha determinación, el 25 de junio de 2024, el Lcdo. Díaz López presentó una *Moción de Reconsideración*.[18] El 3 de julio de 2024, Firstbank presentó una *Moción en Cumplimiento de Orden para Replicar*, en la que alegó que, conforme a la Regla 47 de Procedimiento Civil, *supra*, procedía declararse Sin Lugar la *Moción de Reconsideración*.[19] Así las cosas, el 18 de julio de 2024, el TPI declaró Sin Lugar a la *Moción*.[20]

Inconforme, el 12 de agosto de 2024, el Lcdo. Díaz López presentó la *Petición de Certiorari* ante nuestra consideración, en la que señaló los siguientes errores:

**ERRÓ EL TPI AL RESOLVER QUE NO PROCED[Í]A LA DESESTIMACI[Ó]N DE LA DEMANDA POR LOS FUNDAMENTOS DE COSA JUZGADA Y/O POR IMPEDIMENTO COLATERAL POR SENTENCIA PORQUE LA REGLA 39.2 SOLO ES DE APLICACI[Ó]N A SENTENCIAS DICTADAS A BASE DE UNA MOCI[Ó]N DE DESESTIMACI[Ó]N POR INSUFICIENCIA DE LA PRUEBA ("NON SUIT").**

**ERRÓ EL TPI AL RESOLVER QUE NO PROCED[Í]A LA DESESTIMACI[Ó]N DE LA DEMANDA POR LOS FUNDAMENTOS DE COSA JUZGADA Y/O POR IMPEDIMENTO COLATERAL POR SENTENCIA PORQUE LA SENTENCIA DICTADA**

---

[17] *Íd.*, Anejo XL, pág. 218. (Énfasis en la original).
[18] *Íd.*, Anejo XLV, págs. 232-237.
[19] *Íd.*, Anejo XLVIII, págs. 242-245.
[20] *Íd.*, Anejo LIII, págs. 251-252.

**ANTERIORMENTE EN [EL] CASO CD2015-1401 ESTÁ FUNDAMENTADA EN LA AUSENCIA DE UNA PARTE INDISPENSABLE, CUANDO TAL NO ES EL CASO.**

**II.**

El auto de certiorari es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de certiorari sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la

Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari, no tiene que fundamentar su determinación. Reglas de Procedimiento Civil, *supra*, R. 52.1.

### III.

Luego de analizar los planteamientos de las partes y la determinación del TPI al amparo de los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, y de la Regla 40 de este Tribunal, *supra*, denegamos expedir el auto de certiorari solicitado. Se devuelve el caso al TPI para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones